**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor**

v.

**LOCAL UNION NO. 57, 57–A, 57–B, and 57–C, INTERNATIONAL UNION OF OPERATING ENGINEERS (AFL–CIO).**

**Civ. A. No. 4000.**

United States District Court
D. Rhode Island.

Nov. 12, 1968.

---

Charles Donahue, Solicitor of Labor, George T. Avery, Asst. Solicitor, U. S. Dept. of Labor, Washington, D. C., Albert H. Ross, Regional Atty., U. S. Dept. of Labor, Boston, Mass., Cornelius S. Donoghue, Jr., Atty., U. S. Dept. of Labor, Silver Spring, Md., Edward P. Gallogly, U. S. Atty., and Frederick W. Faerber, Jr., Asst. U. S. Atty., District of Rhode Island, Providence, R. I., for plaintiff.

Julius C. Michaelson and Richard A. Skolnik, Providence, R. I., for defendant.

1. The defendant has asserted by way of affidavit attached to its brief in support of its motion to dismiss that Archibald is not even a member of local 57, in which the election was conducted, but is a member only of branch local 57–B. The plaintiff has filed counter-affidavits and a memorandum concerning this question. It would, therefore, be correct for this court to treat this as a motion for summary judgment under Rule 56 of the Fed.R.Civ.P. and to consider whether there is any genuine issue of material fact as to the membership of Archibald in the defendant union. However, by its own affidavit the defendant makes it clear that a member of local 57–B is a member of local 57 for voting purposes.

## OPINION

PETTINE, District Judge.

In the summer of 1967, the defendant local union, pursuant to the constitution of its parent international union, conducted nominations and elections for all offices, including the office of business manager. At the date of the election of officers, August 1, 1967, one Edwin L. Archibald was a member in good standing of the defendant local,[1] but had been improperly suspended and denied his membership rights. By order of the United States District Court for the District of Rhode Island, dated November 27, 1967, Archibald was directed to be reinstated "with full rights restored as though no action had ever been taken against him."[2] The defendant reinstated Archibald to membership on January 4, 1968. Approximately one month later, on February 2, 1968, Archibald commenced proceedings attacking the validity of the August 1, 1967 election as to the office of business manager. On May 6, 1968, having received no final decision on the merits of his claim from either the defendant local or the parent international, Archibald filed a complaint with the Secretary of Labor in accordance with § 402(a) (2) of the Labor Management Reporting and Disclosure Act. 29 U.S.C. § 482(a) (2). The Secretary of Labor investigated Archibald's complaint and found probable cause to believe that violations of 29 U.S.C. § 481

"They (members of the branch local union) shall have equal rights to nominate candidates and to vote in elections and referendums of the parent Local Union * * *" Page 3 of *Defendants' Memorandum in Support of its Motion to Dismiss*, quoting Article XIV, § 5 of the Constitution of the International Union of Operating Engineers. In this court's view, that voting membership is sufficient membership to satisfy the statutory requirement. Hence, it is not necessary to reach the additional matters concerning membership, i. e., waiver, equal application, and notice pleading.

2. Archibald v. Local 57, International Union of Operating Engineers, 276 F.Supp. 326 (D.R.I.1967)

et seq. had occurred with respect to the election of August 1, 1967, which violations remained unremedied. On September 3, 1968 the plaintiff Secretary of Labor commenced this suit. The Secretary asserts that the defendant has violated 29 U.S.C. § 481(e) by (1) denying a member in good standing the right to be a candidate for office; and (2) by failing to provide each member in good standing a reasonable opportunity to nominate and vote for or otherwise support a candidate of his choice. The Secretary further asserts that the defect with respect to the election may have affected the outcome of the election, 29 U.S.C. § 481(e), and has not yet been remedied.

The jurisdiction of this court is predicated on 29 U.S.C. § 482(b).

The defendant has moved to dismiss claiming that the complaint fails to state a claim upon which relief can be granted for the reasons that (1) it fails to allege that Archibald was a candidate for office; (2) it fails to allege that Archibald was a party or person deprived of his rights under 29 U.S.C. § 481(e).

█ This court rejects the defendant's reading of 29 U.S.C. § 481(e) and 482(a). Those sections of the applicable law refer only to "a member" of a local union. Hence, in effect, the defendant asks this court to limit the class of complainants in suits of this sort not only to members, as the statute requires, but to the actual members affected by the alleged wrongful conduct. If Congress had wished the class of complainants to be so limited, it might have easily so stated. Instead the statute is framed so as to allow any member of the union involved to commence proceedings with the Secretary of Labor.

██ A statutory construction which invites the filing of complaints by all members of the union involved comports with the broad purpose of Title IV of the Labor Management Reporting and Disclosure Act, which is to safeguard and improve union electoral processes. As the Supreme Court recently stated in Wirtz v. Local Union No. 125, Laborers' Intern. Union, 389 U.S. 477, 482–483, 88 S.Ct. 639, 642, 19 L.Ed.2d 716 (1968):

> * * * it is most improbable that Congress deliberately settled exclusive enforcement jurisdiction on the Secretary and granted him broad investigative powers to discharge his responsibilities, yet intended the shape of the enforcement action to be immutably fixed by the artfulness of a layman's complaint which often must be based on incomplete information. The expertise and resources of the Labor Department were surely meant to have a broader play. * * * (S)o to constrict the Secretary would be inconsistent with his vital role * * * in protecting the public interest bound up in Title IV. The Act was not designed merely to protect the right of a union member to run for a particular union office in a particular election. Title IV's special function in furthering the general goals of the LMRDA is to insure free and democratic union elections, the regulations of the union electoral process enacted in the Title having been regarded as necessary protections of the public interest as well as of the rights and interests of union members.

The same factors which moved the Supreme Court in Wirtz v. Laborers' Union, supra, not to limit the Secretary to the specifics of a complainant's allegations move this court to invite the filing of complaints under Title IV of the Labor Management Reporting and Disclosures Act by any labor union member [3] who belongs to the union involved regardless of whether the complainant is the person or party allegedly wronged. Cf. Wirtz v. Local Union No. 169, Intern. Hod Carriers', 246 F.Supp. 741 at 752 (D.C.Nev. 1965). The court simply cannot accept a proposed statutory construction which represses union members strong-hearted enough to assert their outrage, and which

---

3. See note 1, supra.

permits unions to so choose the objects of their intimidation as to make the prosecution of this vital section of the labor laws less likely.

The motion to dismiss is denied.